# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ORLANDO LEBRON,

          Plaintiff,

   -vs-                               Case No. 11-CV-806

LT. STEFFEN and DR. JEFFREY S. ALLEN,

          Defendants.

## ORDER

The plaintiff, a current inmate at the Fox Lake Correctional Institution, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He was confined at the Brown County Jail at all times relevant and is proceeding *in forma pauperis* on claims related to an alleged violation of his First Amendment rights. The plaintiff has filed a motion for a temporary restraining order which will be addressed herein.[1]

Insofar as the plaintiff's First Amendment complaint is concerned, he alleges that the defendants denied his request to take part in the 2011, month-long fast for the Muslim holiday, Ramadan. (Compl. at 2-5.) Though the plaintiff was ultimately allowed to participate in the fast for Ramadan, he was unable to participate in the first twelve days of the holiday, the period for which he seeks relief. *Id.* at 5.

---

[1] The plaintiff filed an identical motion under *Lebron v. Brown County Jail*, Case No. 11-CV-753 (E.D. Wis.).

According to the complaint, defendant Dr. Jeffrey Allen initially denied the plaintiff's request to participate in the fast based on his concerns that it would be "too risky" because the plaintiff is a diabetic, has issues maintaining his weight, and takes 10-unit insulin shots on a regular basis. *Id.* at 2. After the plaintiff's repeated attempts to schedule an appointment with defendant Dr. Allen, the doctor acknowledged that "we do not recommend this but can't stop you from practicing your beliefs." *Id.* at 2. In light of that remark, the plaintiff submitted a request to the chaplain's office that he be added to the Ramadan list; however, that request was similarly denied based on previous issues raised regarding the plaintiff's health. *Id.* at 3-4. The plaintiff alleges that he was not on the "Ramadan list" on the morning of August 1, 2011, the first day of the Ramadan fast. *Id.* at 4. As a result, he did not receive the Ramadan morning breakfast. *Id.* Then, on August 2, 2011, the plaintiff claims he was issued a citation for having given away his food during dinner. *Id.* The plaintiff was told that defendant Lieutenant Steffen instructed that he was to eat all three meals he was given. *Id.* The plaintiff alleges that he was led to believe that if he did not eat each of his meals, an injunction would be sought compelling the Brown County Jail to force feed him. *Id.* at 5.

The plaintiff requests relief in the form of: (1) redress for the defendants' alleged constitutional violations, (2) a revised complaint and filing process for inmates to file grievances, (3) compensation for his alleged pain and suffering, and (4) reimbursement of his legal costs. *Id.* at 4-5.

This Court screened the complaint pursuant to 28 U.S.C. § 1915(A) and permitted the plaintiff to proceed on both a First Amendment claim and a claim based on the Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C.§ 2000cc-1(a). The Court further ordered that defendants Brown County Jail, Brown County Sheriff's Department, Health Professional, Ltd., and Correctional Health Care be dismissed from the complaint, as they were not subject to suit under § 1983. *See, e.g.*, *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993).

The plaintiff filed his motion for a temporary restraining order on June 4, 2012. He contends that the motion should be granted because: (1) he was given incorrect medication by medical staff; (2) he was placed in temporary lockup for having copies of Wisconsin statutes in his cell; and (3) his legal paperwork was lost while he was being transported to the Fox Lake Correctional Institution. In response, the defendants contend that the plaintiff: (1) does not actually set forth what action he seeks to restrain the defendants from continuing; (2) makes no reference to Lieutenant Steffen; (3) is no longer at the Brown County Jail, and hence there is no basis for the motion; and (4) bases his motion on issues that are not stated in the claim brought in this case.

For a temporary restraining order to be issued, the moving party has the burden of showing that there is: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the movant satisfies the initial three-step

3

burden, the court must then balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The court must also consider the effect of the injunction on nonparties. *Id.*

Here, the plaintiff asks that the Court consider his motion based on claims unrelated to his complaint allegations in this case; however, this is not a proper matter for this Court to determine. Further, it is unclear what the plaintiff is asking this Court to restrain the defendants from continuing to do. Lastly, the plaintiff is no longer at the Brown County Jail, where the defendants are located. As such, the plaintiff cannot proceed with his motion for a temporary restraining order. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("When a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot"). For each of these reasons, the plaintiff's motion for a temporary restraining order is denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a temporary restraining order (Docket # 27) is **denied**.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2012.

                                          **SO ORDERED,**

                                          */s/ Rudolph T. Randa*

                                          **HON. RUDOLPH T. RANDA**
                                          **U. S. District Judge**