UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ORLANDO LEBRON,

          Plaintiff,

    -vs-                                              Case No. 11-CV-806

LT. STEFFEN and DR. JEFFREY S. ALLEN,

          Defendants.

## ORDER

The plaintiff has filed a motion to amend the complaint to add defendants who were involved in his claims, whose names he recently learned through the use of discovery. He seeks to add twenty-two defendants who allegedly had knowledge of or discussions about the plaintiff's participation in the Ramadan Fast. The defendants oppose the plaintiff's motion, stating that the motion is futile because the additional defendants were not personally involved in the plaintiff's claims. They also contend that allowing the motion would unduly delay this case.

A district court should freely give leave to amend a complaint when justice requires. Fed. R. Civ. P. 15(a)(2); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012); *Johnson v. Cypress Hill*, 641 F.3d 867, 871–72 (7th Cir. 2011). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). A district court

may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

The court disagrees with the defendants' contentions that allowing the plaintiff to file an amended complaint would unduly delay the case. The plaintiff, who is incarcerated and proceeding pro se, may have identified additional defendants through the timely use of discovery. Allowing him to amend the complaint to name the defendants is entirely reasonable, despite the fact that the defendants recently filed motions for summary judgment.

However, the plaintiff did not file a proposed amended complaint, as required by the Court's Local Rules. *See* Civil L. R. 15(a) (E.D. Wis.) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference"). The court can therefore not determine whether the plaintiff may proceed against the additional defendants or whether, as argued by the defendants, allowing the amendment would be futile. Therefore, the plaintiff's motion to amend will be denied.

Under the circumstances, the plaintiff will be granted additional time to file a motion to amend the complaint along with one, comprehensive proposed amended complaint. The proposed amended complaint should be complete in itself and not refer back

to the original complaint.

Finally, the plaintiff is advised that he does not state a claim against a defendant under 42 U.S.C. § 1983 unless the defendant was personally involved in his claim. Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). If someone else has committed the act that resulted in the constitutional deprivation, then the defendant is personally responsible, and thus liable under § 1983, only if he knows about the other person's act, has a realistic opportunity to prevent it, but deliberately or recklessly fails to do so. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend the complaint (Docket #34) is **denied without prejudice**. The plaintiff may file a motion to amend complaint along with a proposed amended complaint on or before **January 31, 2013**.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2013.

                                            **SO ORDERED,**

                                            **HON. RUDOLPH T. RANDA**
                                            **U. S. District Judge**